**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KAREN JONES and NICOLE DORAN,** : | |
| **individually and on behalf of all others similarly** : | **Civil Action No.** |
| **situated,** : | |
| : | |
| **Plaintiffs,** : | **COLLECTIVE / CLASS ACTION** |
| : | |
| **v.** : | **JURY DEMAND** |
| : | |
| **ENCORE HEALTH RESOURCES, LLC.,** : | |
| **EMIDS TECHNOLOGIES PVT LTD. CORP.,** : | |
| **EMIDS TECHNOLOGIES PVT LTD. CORP.** : | |
| **f/k/a ENCORE HEALTH RESOURCES, LLC.** : | |
| **and SPECIALIST RESOURCES GLOBAL,** : | |
| **INC. d/b/a EMIDS TECHNOLOGIES,** : | |
| : | |
| **Defendants.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Karen Jones ("Jones") and Nicole Doran ("Doran") (collectively, "Representative Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, bring claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), and as a Class Action pursuant to the Federal Rules of Civil Procedure, Rule 23, and in accordance with Pennsylvania state wage and hour law against Encore Health Resources, LLC, emids Technologies Pvt Ltd Corp., emids Technologies Pvt Ltd. Corp. f/k/a Encore Health Resources, LLC, and Specialist Resources Global, Inc. d/b/a emids Technologies, their subsidiaries and affiliates (collectively, "Defendants"), and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## NATURE OF ACTION

1.     Representative Plaintiffs contend that Defendants, jointly and severally, violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") by knowingly suffering and/or permitting Representative Plaintiffs and the putative Class and Collective members (as defined herein) to work in excess of 40 hours per week without properly compensating them at an overtime premium rate for these overtime hours.

2.     Representative Plaintiffs bring their Pennsylvania state law claims pursuant to the class action provision of Fed. R. Civ. P. 23 and seek to recover unpaid wages and related penalties and damages for themselves and other similarly-situated Credentialed Trainers (as defined herein) who worked for Defendants in Pennsylvania to remedy Defendants' practice and policy of willfully failing and refusing to properly pay Representative Plaintiffs and other similarly-situated Pennsylvania Credentialed Trainers all of their earned and accrued wages on their regular pay dates.

3.     Representative Plaintiffs bring their FLSA claims pursuant to the collective action provision of 29 U.S.C. § 216(b) and seek to recover unpaid wages and related penalties and damages for themselves and other similarly-situated Credentialed Trainers to remedy Defendants' practice and policy of willfully failing and refusing to properly pay Plaintiffs and other similarly-situated Credentialed Trainers all of their earned and accrued wages on their regular pay dates.

## JURISDICTION AND VENUE

4.     This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suits under the FLSA "may be maintained against any employer […] in any Federal or State court of competent jurisdiction." The Representative Plaintiffs have signed opt-in consent forms to join this lawsuit. *See* Group Exhibit A.

5.      This Court has jurisdiction over Representative Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA and also pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs, and the parties are residents of different states.

6.      This Court has personal jurisdiction because Defendants conduct business in this judicial district.

7.      This Court has supplemental jurisdiction over Representative Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), since a substantial part of the events giving rise to Representative Plaintiffs' claims occurred within this District, and Defendants conduct business in this judicial district. Specifically, both Plaintiff Jones and Plaintiff Doran performed work for Defendants at Mainline Health System in Malvern, Pennsylvania.

## **PARTIES**

9.      Plaintiff Jones is a resident of Atlanta, Georgia and Long Island, New York and worked for Defendants as a Credentialed Trainer in the Fall of 2017, providing assistance to Defendants' clients in using healthcare-related software. Specifically, Plaintiff Jones worked for Defendants at Mainline Health System in Malvern, Pennsylvania from September 2017 to March 2018. At all relevant times, Plaintiff Jones has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and as defined by Pennsylvania state law.

10.     Plaintiff Doran is a resident of Rosedale, New York and worked for Defendants as a Credentialed Trainer in the Fall of 2017, providing assistance to Defendants' clients in using healthcare-related software. Specifically, Plaintiff Doran worked for Defendants at Mainline

Health System in Malvern, Pennsylvania from September 17, 2017 to March 31, 2018. At all relevant times, Plaintiff Doran has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and as defined by Pennsylvania state law.

11.     Defendants' main function was to assist hospitals and healthcare organizations learn and navigate a new integrated health computer system.  Defendants provide staffing services to customers throughout the United States, including Pennsylvania.

12.     Defendant Encore Health Resources, LLC, is a Texas corporation that provides information technology support services in the healthcare and other industries across the country. Defendant Encore Health Resources, LLC's principle place of business is located in Houston, Texas. Defendant Encore Health Resources, LLC, provides its services to customers throughout the country.

13.     Defendant emids Technologies Pvt Ltd Corp., is a corporation that provides information technology support services in the healthcare and other industries across the country. Defendant emids Technologies Pvt Ltd Corp.'s principle place of business is located in Franklin, Tennessee. Defendant emids Technologies Pvt Ltd Corp. provides its services to customers throughout the country.

14.     Defendant emids Technologies Pvt Ltd. Corp. f/k/a Encore Health Resources, LLC is a corporation that provides information technology support services in the healthcare and other industries across the country. Defendant emids Technologies Pvt Ltd. Corp. f/k/a Encore Health Resources, LLC's principle place of business is located in Franklin, Tennessee. Defendant emids Technologies Pvt Ltd. Corp. f/k/a Encore Health Resources, LLC provides its services to customers throughout the country.

15.     Defendant Specialist Resources Global, Inc. d/b/a emids Technologies, a Delaware corporation that provides information technology support services in the healthcare and other industries across the country. Defendant Specialist Resources Global, Inc. d/b/a emids Technologies' principle place of business is located in Nashville, Tennessee. Defendant Specialist Resources Global, Inc. d/b/a emids Technologies provides its services to customers throughout the country.

16.     At all times relevant, Defendants were Representative Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. §203(d) and Pennsylvania state law. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

17.     Defendants' annual gross volume of sales made or business done exceeds $500,000.

18.     Defendants were actively engaged in the conduct described herein. Throughout the relevant period, Defendants employed Representative Plaintiffs and similarly-situated Credentialed Trainers within the meaning of the FLSA and Pennsylvania state law.

## FACTS

19.     Representative Plaintiffs and others similarly situated are individuals who work or have worked for Defendants as a Credentialed Trainer or any other similarly-titled, hourly-paid position during the statutory period (collectively, "Credentialed Trainers"). Among other things, Credentialed Trainers all shared similar job titles, training, job descriptions and job tasks. Importantly, Representative Plaintiffs and other similarly-situated Credentialed Trainers were all paid an hourly rate of pay.

20.     Defendants provide training and support to medical facilities in connection with the implementation and administration of integrated health computer systems, specifically, new electronic recordkeeping systems. Defendants recruit and employ Credentialed Trainers, such as Representative Plaintiffs, to perform such training and support services to medical facilities throughout the country.

21.     Defendants provide Representative Plaintiffs and other similarly-situated Credentialed Trainers with a contract setting out the terms of their work for Defendants.

22.     Defendants determine the schedules for Representative Plaintiffs and other similarly-situated Credentialed Trainers, approve requests for expense reimbursements and/or time off, and approve the hours worked by Credentialed Trainers.

23.     Defendants provide Representative Plaintiffs and other similarly-situated Credentialed Trainers with directives regarding the work to be performed on their project assignments, and the process to be followed at the conclusion of the project assignment, as well as daily updates to the Credentialed Trainers' schedules.

24.     Representative Plaintiffs and other similarly-situated Credentialed Trainers are supervised by Defendants' project managers during their time working for Defendants.

25.     Defendants' financial results are significantly driven by the total number of trainings they provide. This number is entirely dependent on the number of Credentialed Trainers they have providing training and support services to Defendants' customers and the respective fees that Defendants charge their customers for these services.

26.     Representative Plaintiffs were improperly classified by Defendants as independent contractors and were compensated on an hourly basis. Plaintiff Jones was paid $55 an hour. Plaintiff Doran was paid $54 an hour.   Representative Plaintiffs and other similarly-situated

Credentialed Trainers were paid only their straight hourly rate of pay for all hours they worked, including all overtime hours worked each week.

27.     Despite the fact that Representative Plaintiffs and other similarly-situated Credentialed Trainers did not meet any test for exemption, Defendants failed to pay them the requisite overtime rate of 1½ times their regular rate for all hours worked more than 40 hours per week.

28.     Defendants improperly classified Representative Plaintiffs and other similarly-situated Credentialed Trainers as independent contractors, although the economic reality of the position is that of an employee, and Defendants retain the right and do, in fact, control their work.

## Representative Plaintiffs and Other Similarly-Situated Credentialed Trainers are Employees as a Matter of Economic Reality

29.     The work performed by the Representative Plaintiffs and other similarly-situated Credentialed Trainers is an integral part of Defendants' business. Defendants provide training and support to medical facilities across the country in connection with the implementation and administration of integrated health computer systems. Representative Plaintiffs and other similarly-situated Credentialed Trainers provide the support and training to Defendants' clients in connection with the implementation of the integrated health computer systems.

30.     Representative Plaintiffs' and other similarly-situated Credentialed Trainers' work requirements did not include managerial duties; rather, they simply followed the training provided to them by Defendants to perform their work.

31.     Representative Plaintiffs and other similarly-situated Credentialed Trainers make no significant investments related to the work they perform and have little or no opportunity to experience a profit or loss related to the work they perform for Defendants. Representative

Plaintiffs' and other similarly-situated Credentialed Trainers' income from their work is limited to their hourly rate.

32.    Representative Plaintiffs and other similarly-situated Credentialed Trainers are economically dependent upon Defendants for their business, as they are not permitted to perform services for other companies during their employment with Defendants.

33.    Representative Plaintiffs and other similarly-situated Credentialed Trainers have little or no authority to refuse or negotiate Defendants' rules and polies as they simply must comply or risk discipline and/or termination.

**Representative Plaintiff and Other Similarly-Situated Credentialed Trainers Routinely Worked Overtime Hours Without Being Paid Overtime Premium Compensation**

34.    Representative Plaintiffs and other similarly-situated Credentialed Trainers routinely worked overtime hours but were not paid overtime premium compensation as required by the FLSA and Pennsylvania state law.

35.    Representative Plaintiffs and other similarly-situated Consultants were often required to work twelve hours per day, up to seven days a week. Projects, on average, lasted a few weeks or months at a time.

36.    Despite the fact that the Representative Plaintiffs and other similarly-situated Credentialed Trainers were required, permitted, and/or encouraged to work overtime hours, Defendants failed to pay them one and one-half (1½) times their regular rate of pay for all overtime hours worked, as required by the FLSA and Pennsylvania state law.

37.    Rather, Representative Plaintiffs and other similarly-situated Credentialed Trainers were paid a straight hourly rate for all hours that they worked., regardless of whether they worked overtime hours. The Representative Plaintiffs and other similarly-situated Credentialed Trainers were not paid on a salary basis.

8

38.     Defendants knew, and were aware at all times, of the above-mentioned violations.

39.     The conduct alleged above reduced Defendants' labor and payroll costs.

40.     Representative Plaintiffs and other similarly-situated Credentialed Trainers were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation.

41.     As a result of Defendants' improper and willful failure to pay Representative Plaintiffs and other similarly-situated Credentialed Trainers in accordance with the requirements of the FLSA and Pennsylvania state law, Representative Plaintiffs and other similarly-situated Credentialed Trainers suffered lost wages and other related damages.

**Representative Plaintiffs and Other Similarly-Situated Credentialed Trainers Are Not Exempt**

42.     Representative Plaintiffs and other similarly-situated Credentialed Trainers provide support and training to various healthcare staff across the country in connection with the implementation and administration of integrated health computer systems. Representative Plaintiffs were not working as computer systems analysts, computer programmers or software engineers.

43.     As a Credentialed Trainer, Representative Plaintiffs and other similarly-situated employees' primary duties consisted of training and aiding various healthcare staff across the country with the implementation and administration of integrated health computer systems. Representative Plaintiffs and other similarly-situated Credentialed Trainers had little discretion in the performance of their job and worked within closely-prescribed limits provided by Defendants.

44.     Representative Plaintiffs and other similarly-situated Credentialed Trainers were not paid on a salary basis.

45.     Representative Plaintiffs and other similarly-situated Credentialed Trainers were not primarily engaged in work that was intellectual or creative and that requires the exercise of discretion and independent judgment; they are not gighly skilled and proficient in the theoretical and practical application of highly skilled specialized information or computer systems analysis, programming, or software engineering.

46.     Representative Plaintiffs' and other similarly-situated Credentialed Trainers' duties did not include: (i) application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications; (ii) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; or (iii) the documentation, testing, creation, or modification of computer programs related to the design of software or hardware for computer operating systems.

47.     Credentialed Trainers did not analyze, consult or determine hardware, software programs or any system functional specifications for Defendants' clients.

48.     Representative Plaintiffs and other similarly-situated Credentialed Trainers did not consult with Defendants' clients to determine or recommend hardware specifications. Representative Plaintiffs and other similarly-situated Credentialed Trainers did not design, develop, document, analyze, create, test or modify a computer system or program.

49.     Throughout the statutory period, Representative Plaintiffs' and other similarly-situated Credentialed Trainers' primary duties were not related to the management of the business operations of Defendants or their customers.

50.     Throughout the statutory period, Representative Plaintiffs' and other similarly-situated Credentialed Trainers' primary duties did not require the use of discretion and independent judgment with respect to matters of significance.

51.     Throughout the statutory period, Representative Plaintiffs' and other similarly-situated Credentialed Trainers' primary duties were not the performance of work requiring advanced knowledge in a field of science or learning.

52.     Throughout the statutory period, Representative Plaintiffs and other similarly-situated Credentialed Trainers did not perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

53.     Despite the fact that Representative Plaintiffs and other similarly-situated Credentialed Trainers did not meet any test for exemption, Defendants failed to pay Representative Plaintiffs and other similarly-situated Credentialed Trainers the requisite overtime rate of 1½ times their regular rate for hours worked over 40 per week. Rather, Defendants paid Representative Plaintiffs and other similarly-situated Credentialed Trainers their regular straight, hourly rate for time worked over 40 hours per week that they were encouraged, suffered and permitted to perform.

## **Defendants Willfully Violated the FLSA**

54.     Defendants have no legitimate basis to believe that Representative Plaintiffs and other similarly-situated Credentialed Trainers were exempt from the overtime requirements of the FLSA and Pennsylvania state law. Instead, Defendants either knew or acted with reckless disregard of clearly applicable FLSA and Pennsylvania law provisions in failing to pay Representative Plaintiffs and other similarly-situated Credentialed Trainers overtime compensation for all overtime hours worked. Defendants' willful actions and/or willful failures to act, included, but were not necessarily limited to:

a.  Defendants maintained payroll records which reflected that Representative Plaintiffs and other similarly-situated Credentialed Trainers did, in fact, regularly work overtime hours and therefore, Defendants had actual knowledge that the Representative Plaintiffs and other similarly-situated Credentialed Trainers worked overtime hours;

b.  Defendants knew that they did not pay Representative Plaintiffs and other similarly-situated Credentialed Trainers one and one half (1½) times their regular rate of pay for all overtime hours worked;

c.  Defendants' own documents, including but not necessarily limited to, job offer letters, employment agreements, and training materials for Credentialed Trainers, reflect that Defendants were aware of the nature of the work performed by Credentialed Trainers, and, in particular, that these individuals provided basic training and support to Defendants' clients with the implementation and administration of integrated health computer systems.

d.  Defendants' own documents, including but not necessarily limited to, job offer letters, employment agreements, and training materials for Credentialed Trainers, reflect that Defendants knew that they were subjected to the wage requirements of the FLSA and Pennsylvania state law;

e.  Defendants were aware that the Credentialed Trainers were not involved with: (i) computer systems analysis, computer programming, or software engineering; (ii) the application of systems analysis techniques and procedures; or (iii) the design, development, analysis, creation, testing or modification of a computer system or program;

f.   Defendants lacked any good-faith basis to believe that the Credentialed Trainers fell within any exemption from the overtime requirements of the FLSA; and

g.   Defendants were aware that they would (and did) benefit financially by failing to pay Representative Plaintiffs and other similarly-situated Credentialed Trainers overtime premium pay for all overtime hours worked, reducing labor and payroll costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

55.   Representative Plaintiffs bring this collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendants' violation of the FLSA.

56.   Representative Plaintiffs pursue the requested relief on behalf of the following individuals:

> **All individuals who currently work, or have worked, for the any of the Defendants as a Credentialed Trainer or any other similarly-titled, hourly-paid position, at any time within the preceding 3-years from the date of filing the complaint.**

57.   Representative Plaintiffs are members of the Collective they seek to represent because they were employed by Defendants during the relevant period, were routinely suffered or permitted to work more than 40 hours per week, as described above, and were not paid an overtime premium rate for the time they worked over 40 hours per week.

58.   Specifically, Defendants engaged in common schemes to avoid paying Representative Plaintiffs and other similarly-situated Credentialed Trainers overtime pay when they worked in excess of 40 hours per week.

59.   This action may be properly maintained as a Collective because:

    a.   Representative Plaintiffs and other similarly-situated Credentialed Trainers were all paid an hourly rate;

    b.   Representative Plaintiffs and other similarly-situated Credentialed Trainers worked in excess of 40 hours per week;

    c.   Regardless of their job title or location, Defendants did not pay Representative Plaintiffs and other similarly-situated Credentialed Trainers an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

    d.   Defendants maintained common timekeeping and payroll systems and policies with respect to Representative Plaintiffs and other similarly-situated Credentialed Trainers, regardless of their job title or location.

60.    Defendants encouraged, suffered and permitted Representative Plaintiffs and other similarly-situated Credentialed Trainers to work more than forty (40) hours per week without proper overtime compensation.

61.    Defendants knew that Representative Plaintiffs and other similarly-situated Credentialed Trainers performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as previously described, to deprive Representative Plaintiffs and other similarly-situated Credentialed Trainers of wages and overtime compensation.

62.    Defendants' conduct as alleged herein was willful and has damaged Representative Plaintiffs and other similarly-situated Credentialed Trainers.

63.    Defendants are liable under the FLSA for failing to properly compensate Representative Plaintiffs and the collective class. Representative Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of

seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

64.    Representative Plaintiffs estimate that the collective class, including both current and former employees over the relevant period, will include at least one hundred (100) members. The precise number of Collective class members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the collective class as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the collective class, its members may be informed of the pendency of this action directly via U.S. mail, text message, and e-mail.

## PENNSYLVANIA SPECIFIC CLASS ALLEGATIONS

65.    Pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure, a case should be treated as a class action when a court finds: (a) that the predominant issues raised in the case are of a common interest; (b) that the parties are so numerous that it is impracticable to bring them all before this Court; (c) that the proposed Class is clearly and easily ascertainable; (d) that the Class representatives' claims are typical of the claims of the proposed Class; (e) that the Class representatives will adequately represent the interests of the Class; and (f) that a class action is superior to other methods of adjudicating the claims alleged herein. Representative Plaintiffs herein allege that each and every one of the foregoing can and will be demonstrated at the time for hearing on Representative Plaintiffs' motion for class certification.

66.    Representative Plaintiffs and other similarly-situated Credentialed Trainers all worked under common employment policies, were subject to the same compensation scheme, and were subject to the same practices challenged in this action as described above.

## Class Definition

67.     Representative Plaintiffs seeks certification of a Pennsylvania state class consisting of the following individuals in Pennsylvania (the "PA Class"):

**All individuals who currently work, or have worked, for any of the Defendants as a Credentialed Trainer or any other similarly-titled, hourly-paid position in Pennsylvania during the applicable statute of limitations period.**

## Numerosity

68.     Defendants employed more than 50 Credentialed Trainers who were subject to the same practices challenged in this action as alleged above and who were not paid overtime compensation for all time worked in excess of 40 in given workweeks.   Accordingly, Representative Plaintiffs satisfy the numerosity requirements as the PA Class is so numerous that joinder of all members is impracticable.

69.     Members of the proposed PA Class can be identified and located using Defendants' payroll and personnel records. PA Class members may be informed of the pendency of this action by direct mail, electronic mail, text message, and/or published and broadcast notice.

## Common Questions of Fact or Law

70.     There are questions of fact and law common to each PA Class member which predominate over questions affecting only individual members, including, without limitation:

a.   Whether the Representative Plaintiffs and Class members were all paid by the hour;

b.   Whether Representative Plaintiffs and the Class members, by definition, were exempt from overtime;

c.   Whether Representative Plaintiffs and the Class members, by definition, all worked overtime hours;

d.   Whether Defendants maintained common timekeeping and payroll systems and policies with respect to Representative Plaintiffs and the Class members, regardless of their job title or location;

e.   Whether Defendants failed to pay Representative Plaintiffs and the Class members an overtime premium for overtime hours worked;

f.   Whether Defendants failed to timely pay Representative Plaintiffs and the Class members the wages due them during their employment;

g.   Whether Defendants failed to timely pay wages due to Representative Plaintiffs and Class members upon their discharge;

h.   Whether Defendants' failure to pay all wages due in accordance with Pennsylvania state wage laws was willful or reckless;

i.   Whether Defendants failed to pay Representative Plaintiffs and Class members all compensation rightfully owed; and

j.   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of law.

71.   If individual actions were required to be brought by each member of the PA Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Court, the PA Class and to the Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## Typicality

72.   Representative Plaintiffs' claims are typical of the claims of the PA Class members. As a result of Defendants' unlawful conduct, Representative Plaintiffs suffered similar injuries as those suffered by other members of the PA Class they seek to represent.

17

73.     Upon information and belief, there are no other Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such Class member should become known, he or she can opt out of this action pursuant to Rule 23.

## Adequacy

74.     Representative Plaintiffs are adequate representatives of the PA Class they seek to represent because they are members of the PA Class, and their interests do not conflict with the interests of the members of the PA Class they seek to represent. The interests of each PA Class member will be fairly and adequately protected by Representative Plaintiffs and their undersigned counsel. Representative Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

## Superiority

75.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

76.     Moreover, as the damages suffered by each PA Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each PA Class member to bring individual claims.

77.     The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for

Defendants and/or substantially impair or impede the ability of PA Class members to protect their interests.

## COUNT I
### FLSA – Overtime Wages
**(On Behalf of the Representative Plaintiffs and the FLSA Collective)**

78.     Representative Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

79.     Defendants operate as "enterprises" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

80.     Representative Plaintiffs and other similarly-situated Credentialed Trainers are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

81.     FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

82.     Throughout the relevant period, Defendants violated the FLSA by routinely suffering or permitting Representative Plaintiffs and other similarly-situated Credentialed Trainers to work overtime hours per week without paying them overtime wages for these hours.

83.     Throughout the relevant period, Representative Plaintiffs and other similarly-situated Credentialed Trainers worked in excess of 40 hours per week, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

84.     The foregoing actions of Defendants violated the FLSA.

85.     Defendants' actions were willful and not in good faith.

86.     Representative Plaintiffs and other similarly-situated Credentialed Trainers have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

87.     Defendants are liable to Representative Plaintiffs and other similarly-situated Credentialed Trainers for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs, and expenses.

88.     Representative Plaintiffs and other similarly-situated Credentialed Trainers are also entitled to injunctive relief to prevent Defendants from continuing their violation of the FLSA and other appropriate class-wide injunctive relief.

**COUNT II**
**Violation of the Pennsylvania Minimum Wage Act**
**(On Behalf of Representative Plaintiffs and the Pennsylvania Class)**

89.     Representative Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

90.     The Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq*. ("MWA"), requires that covered employees be compensated for all hours worked in excess of forty (40) per week at a rate not less than one and one-half (1½) times their regular rate of pay.

91.     The unpaid wages at issue in this litigation are "Wages" as defined by MWA § 3(d).

92.     Defendants are "Employers" as defined in MWA § 3(g).

93.     Representative Plaintiffs and other similarly-situated Credentialed Trainers are "Employees" as defined in MWA § 3(h).

94.     Defendants were covered employers obligated to comply with the MWA's minimum wage and overtime requirements, and the Representative Plaintiffs and other similarly-situated Credentialed Trainers were covered employees entitled to the MWA's protections.

95.     At no time did Defendants, Representative Plaintiffs, or other similarly-situated Credentialed Trainers fall under any exemption contained in MWA § 5.

96.     Throughout the relevant period, MWA § 4(c) required Defendants to pay the Representative Plaintiffs and other similarly-situated Credentialed Trainers overtime compensation of "not less than one and one-half times the employee's regular rate" for all hours worked over 40 in a given workweek.

97.     Under the MWA, overtime is calculated based on the number of hours worked in a "workweek", defined in controlling regulations as "a period of 7 consecutive days". *See* 34 Pa. Code § 231.42.

98.     Throughout the relevant period, Defendants violated MWA § 4(c) by, among other things, willfully and uniformly failing to pay the Representative Plaintiffs and other similarly-situated Credentialed Trainers the legally mandated "time-and-a-half" overtime wages when they worked more than forty hours in a given workweek.

99.     Throughout the relevant period, MWA § 8 required Defendants to "keep a true and accurate record of the hours worked by each employee and the wages paid to each."

100.     In violating the MWA, Defendants acted willfully and with reckless disregard of clearly-applicable MWA provisions.

101.     Representative Plaintiffs and other similarly-situated Credentialed Trainers have been harmed as a direct and proximate result of the unlawful conduct described here, because they

have been deprived of wages owed for work they performed from which Defendants derived a direct and substantial benefit.

102.    Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay the Representative Plaintiffs and other similarly-situated Credential Trainers all wages mandated by the MWA.

103.    MWA § 13 expressly allows private plaintiffs to bring civil actions to enforce an employers' failure to comply with the Act's requirements.

## COUNT III
### Violation of the Pennsylvania Wage Payment and Collection Law
### (On Behalf of Representative Plaintiffs and the Pennsylvania Class)

104.    Representative Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

105.    The Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.0 *et seq.* ("WPCL") gives employees the right to enforce *any* legal right to wages due, including wages owed under a written contract.

106.    Defendants were "employers" as defined by WPCL § 2.1 and obligated to comply with the WPCL's wage payment requirements.

107.    Representative Plaintiffs and other similarly-situated Credentialed Trainers were employees entitled to the WPCL's protections.

108.    Throughout the relevant period, WPCL § 3(a) required Defendants to pay the Representative Plaintiffs and other similarly-situated Credentialed Trainers all wages due to their employees on regular paydays designated in advance.

109.    Throughout the relevant period, Defendants violated WPCL § 3(a) by willfully and consistently failing to pay the Representative Plaintiffs and other similarly-situated Credentialed Trainers all overtime wages due on regular paydays designated in advance.

110.    WPCL § 7 provides that no provision of the WPCL can be contravened or set aside by a private agreement.

111.    Defendants have no good faith justification or defense for engaging in the conduct described above, or for failing to pay Representative Plaintiffs and other similarly-situated Credential Trainers all wages mandated by the WPCL.

112.    In violating the WPCL, Defendants acted willfully and with reckless disregard of clearly applicable WPCL provisions.

113.    Representative Plaintiffs and other similarly-situated Credentialed Trainers have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of wages owed for work they performed from which Defendants derived a direct and substantial benefit.

114.    WPCL §§ 9.1 and 10 expressly allow private plaintiffs to institute a civil action to enforce an employer's failure to comply with the Act's requirements, and to recover any unpaid overtime wages, attorneys' fees and litigation costs, liquidated damages, and prejudgment interest.

115.    WPCL § 9.1(a) provides that "[a]ny employee or group of employees . . . may institute actions provided under this act", and thus permits private plaintiffs to pursue class action status for their WPCL claims.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against each Defendant, and in favor of

the Representative Plaintiffs, the PA Class, and all others similarly situated under the FLSA, for a

sum that will properly, adequately, and completely compensate Representative Plaintiffs, the PA

Class, and all others similarly situated under the FLSA for the nature, extent, and duration of their

damages, the costs of this action, and as follows:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of Credentialed Trainers, or any other similarly-titled, hourly-paid position who have worked for the Defendants within the last three years;

B. Authorize Representative Plaintiffs' counsel to issue notice via U.S. mail, text message, and e-mail at the earliest possible time to all Credentialed Trainers or any other similarly-titled, hourly-paid position who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C. Certify Count I as a collective action;

D. Certify Counts II and III as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure;

E. Appointing Stephan Zouras, LLP to serve as Class Counsel for all classes;

F. Award all available compensatory damages on Representative Plaintiffs' claims, including all overtime compensation owed, in an amount according to proof;

G. Award judgment in favor of Representative Plaintiffs and against Defendants for an amount equal to Representative Plaintiffs' and the FLSA Collective members' unpaid overtime compensation;

H. Award judgment in favor of Representative Plaintiffs and against Defendants for an amount equal to Representative Plaintiffs' and the PA Class members' unpaid wages pursuant Pennsylvania state laws;

I. Declare that Defendants' violations of the FLSA and Pennsylvania's wage and hour laws were willful;

J. Award Representative Plaintiffs and members of the FLSA Collective liquidated damages in accordance with the FLSA;

K. Award Representative Plaintiffs and members of the PA Class liquidated damages in accordance with applicable Pennsylvania statutory provisions;

L. Award prejudgment and post-judgment interest as provided by law;

M.  Award all legal and equitable relief available under law;

N.  Issue all appropriate injunctive relief to prevent Defendants from violating the applicable and respective state-law statutory obligations, with ongoing oversight and continuing jurisdiction of the Court as needed, including requiring Defendants to pay for an audit of their record-keeping system;

O.  Award Representative Plaintiffs reasonable attorneys' fees and all costs of the collective and class action, to be paid by Defendants, in accordance with the FLSA and Pennsylvania state laws;

P.  Award reasonable incentive awards for Representative Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other Credentialed Trainers and the risks they have undertaken;

Q.  Provide additional general and equitable relief to which Representative Plaintiffs and the PA Class may be entitled;

R.  Granting leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

S.  Provide further relief as the Court deems just and equitable.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Representative Plaintiffs demand a trial by jury.

Dated: June 20, 2019                                 Respectfully submitted,


                                                      */s/ David J. Cohen*
                                                      David J. Cohen
                                                      **STEPHAN ZOURAS, LLP**
                                                      604 Spruce Street
                                                      Philadelphia, PA 19106
                                                      (215) 873-4836
                                                      (312) 233-1560 *f*
                                                      dcohen@stephanzouras.com

                                                      Ryan F. Stephan*
                                                      James B. Zouras*
                                                      Andrew C. Ficzko*
                                                      **STEPHAN ZOURAS, LLP**
                                                      100 N. Riverside Plaza, Suite 2150
                                                      Chicago, IL 60606

(312) 233-1550
(312) 233-1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com

\*to apply for admission *pro hac vice*